1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

**FILED**

DEC 0 5 2013

RICHARD ... WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEE D. CARTER, | ) Case No. C 13-4373 PSG (PR) |
| Plaintiff, | ) |
| | ) **ORDER OF SERVICE AND** |
| | ) **DIRECTING DEFENDANTS TO** |
| v. | ) **FILE DISPOSITIVE MOTION** |
| | ) **OR NOTICE THAT SUCH** |
| BRAD SMITH, et al., | ) **MOTION IS UNWARRANTED** |
| | ) |
| Defendants. | ) |
| | ) |

16    Markee D. Carter, a California state prisoner proceeding *pro se*, filed a civil rights

17 complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses

18 several defendants, and serves the complaint on the remaining defendants.

19                                    **DISCUSSION**

20 A.    Standard of Review

21    A federal court must conduct a preliminary screening in any case in which a prisoner

22 seeks redress from a governmental entity or officer or employee of a governmental entity.[1] In its

23 review, the court must identify any cognizable claims and dismiss any claims that are frivolous,

24 malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

25

26 _____

[1] *See* 28 U.S.C. § 1915A(a).

27

28 Case No. C 13-4373 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

1  defendant who is immune from such relief.[2] *Pro se* pleadings must, however, be liberally
2  construed.[3]

3      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
5  the alleged deprivation was committed by a person acting under the color of state law.[4]

6  B.      Plaintiff's Claims

7      Carter claims that, between May 9, 2012, through June 6, 2012, his supervisor, Joe
8  Dobie, failed to provide Carter with protective equipment while Carter inventoried and removed
9  lead-based paint from the windows and wall panels.  Carter alleges that while he was working,
10 other inmate employees were using high-pressure washers to clear high beams and pipes that
11 was encased with asbestos.  At no time did Carter receive proper training or protective gear.  As
12 a result, asserts Carter, he has suffered acute and chronic eye problems, chest pains, coughing,
13 and headaches.  Carter further claims that PIA Supervisor Gary Loredo and PIA Manager Philip
14 Earley intentionally failed to include "exposure to asbestos" on the worker's compensation form.
15 Liberally construed, Carter has stated a cognizable claim of deliberate indifference to health and
16 safety.

17     Carter also names as defendants Brad Smith, Luu T. Rogers, Jeremy Young, John
18 Walker, K. Davis, and Elizabeth Babcock.  However, they are DISMISSED because Carter does
19 not allege that they actually or proximately caused the deprivation of any federally protected
20 right.[5]

21
22
23 [2] *See* 28 U.S.C.. § 1915A(b)(1), (2).

24 [3] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

25 [4] *West v. Atkins*, 487 U.S. 42, 48 (1988).

26 [5] *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).
27

28 Case No. C 13-4373 PSG (PR)
   ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
   OR NOTICE THAT SUCH MOTION IS UNWARRANTED

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1.      Defendants Brad Smith, Luu T. Rogers, Jeremy Young, John Walker, K. Davis, and Elizabeth Babcock are DISMISSED.

2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Docket No. 1), a Magistrate Judge consent form, and a copy of this order to **Supervisor Joe Dobie, PIA Supervisor Gary Loredo, and PIA Manager Philip Earley** at **San Quentin State Prison**.

The Clerk also shall mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this order to the plaintiff.

3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of , to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,

Case No. C 13-4373 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

3

1  whichever is later.

2      4.    No later than **ninety (90) days** from the date of this order, Defendants shall file a

3  motion for summary judgment or other dispositive motion with respect to the cognizable claims

4  in the complaint. At that time, Defendants shall also submit the Magistrate Judge's consent

5  form.

6      a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

7  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

8  Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

9  F.3d 1108, 1119-20 (9th Cir. 2003).

10      b.    Any motion for summary judgment shall be supported by adequate factual

11  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

12  Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**

13  **<u>qualified immunity found, if material facts are in dispute. If Defendants are of the opinion</u>**

14  **<u>that this case cannot be resolved by summary judgment, they shall so inform the court</u>**

15  **<u>prior to the date the summary judgment motion is due.</u>**

16      5.    Plaintiff's opposition to the dispositive motion shall be filed with the court and

17  served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is

18  filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and

19  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must

20  come forward with evidence showing triable issues of material fact on every essential element of

21  his claim).

22      6.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after

23  Plaintiff's opposition is filed.

24      7.    The motion shall be deemed submitted as of the date the reply brief is due. No

25  hearing will be held on the motion unless the court so orders at a later date.

26      8.    All communications by the plaintiff with the court must be served on Defendants

27

28  Case No. C 13-4373 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

1  or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'
2  counsel.

3       9.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
4  No further court order is required before the parties may conduct discovery.

5       10.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
6  and all parties informed of any change of address and must comply with the court's orders in a
7  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
8  pursuant to Federal Rule of Civil Procedure 41(b).

9       IT IS SO ORDERED.

10  DATED: _____

                                          PAUL S. GREWAL
11                                            United States Magistrate Judge